**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN BELCHER,<br><br>       Plaintiff,<br><br> v.<br><br>KATHLEEN DRAKULICH, et al.,<br><br>       Defendants. | 3:20-cv-00408-MMD-CLB<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Kevin Belcher's ("Belcher"), application to proceed *in forma pauperis* (ECF No. 1), and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the court recommends that Belcher's *in forma pauperis* application (ECF No. 1) be granted, and his complaint (ECF No. 1-1) be dismissed with prejudice.

**I.**  ***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Belcher cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II.  SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more

1  than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief
2  above a speculative level." *Twombly*, 550 U.S. at 555.  Particular care is taken in reviewing
3  the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not
4  represented by counsel.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Still, a liberal
5  construction may not be used to supply an essential element of the claim not initially pled.
6  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  If dismissal is appropriate, a *pro se*
7  plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless
8  it is clear that those deficiencies cannot be cured.  *Cato v. United States*, 70 F.3d 1103,
9  1107 (9th Cir. 1995).

**III.   SCREENING OF COMPLAINT**

In his complaint, Belcher sues Defendants Judge Kathleen Drakulich and District Attorney Tyson League under 42 U.S.C. § 1983. (*See* ECF No. 1-1.)  The complaint appears to relate to Belcher's ongoing state criminal case. (*Id.*)  Belcher asserts two counts and alleges that Drakulich only gave Belcher "four minutes at [his] bail hearing" and League "illegally held a grand jury indictment hearing without notifying [Belcher]." (*Id.*)  Belcher seeks "immediate release." (*Id.* at 9.)

It appears that Belcher is asking the court to intervene in ongoing state criminal proceedings.  However, the *Younger* abstention doctrine prevents federal courts from interfering with pending state criminal proceedings that are "(1) ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity… to raise constitutional challenges."  *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks omitted); *see also Younger v. Harris*, 401 U.S. 37 (1971).  The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings."  *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmehsourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).  Because it appears Belcher's criminal case is still pending, all prerequisites of the *Younger* abstention doctrine are present.  Belcher is the subject of

an ongoing criminal proceeding in state court that has not reached final adjudication. The State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Further, the state court criminal proceedings would afford an opportunity for Belcher to raise the constitutional claims asserted in the Complaint.

Additionally, the court notes that Defendants Judge Drakulich and District Attorney League are absolutely immune from suit under § 1983. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts…. A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."); *see also Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976) (state prosecutors are absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process.").

Accordingly, the court recommends that Belcher's complaint be dismissed, with prejudice, as amendment would be futile. *See Cato*, 70 F.3d at 1107.

**IV.    CONCLUSION**

For the reasons articulated above, the court recommends that Belcher's application to proceed *in forma pauperis* (ECF No. 1) be granted, and his complaint (ECF No. 1-1) be dismissed with prejudice.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Belcher's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**; and

**IT IS FURTHER RECOMMENDED** that Belcher's complaint (ECF No. 1-1) be **DISMISSED WITH PREJUDICE**.

**DATED:** October 16, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**

5